UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHRISTINA M. MARQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS J. PETERSON, in his official capacity, PENNINGTON COUNTY PUBLIC DEFENDER'S OFFICE, RACHAEL LINDSAY, in her official capacity, and PENNINGTON COUNTY STATE'S ATTORNEY OFFICE,<br><br>Defendants. | 5:24-CV-05041-KES<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Pro se plaintiff Christina Marquez filed suit under 42 U.S.C. § 1983 against Nicholas Peterson, Rachael Lindsay, Pennington County Public Defender's Office, and Pennington County State's Attorney Office, claiming violations of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Docket 1 at 2-3. Defendants have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Docket 5. Marquez filed a response, Docket 12, defendants replied, Docket 15, and Marquez filed a sur-reply,[1] Docket 16. For the reasons set forth below, the

---

[1] There is no provision in either the Federal Rules of Civil Procedure or the court's local rules that expressly authorizes the filing of a sur-reply. *See Counts v. Wasko*, 2024 WL 4068651, at *3 (D.S.D. Sept. 5, 2024). Further, a party must generally seek leave for permission to file a sur-reply, including pro se litigants. *Id.*; *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). But the court has discretion whether to accept a party's sur-reply. *See Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1037 n.3 (8th Cir. 2018). Because defendants

court grants defendants' motion to dismiss.[2]

## BACKGROUND

The court considers the following allegations taken from Marquez's complaint as true for the purposes of ruling on defendants' motion to dismiss.

Marquez was arrested for violations of South Dakota law in July 2021. Docket 1 at 4. On September 8, 2021, a grand jury indicted Marquez on the same underlying charges as her arrest.[3] Docket 7-1 at 1. The court appointed Nicholas J. Peterson, an attorney from the Pennington County Public Defender's Office, to represent Marquez. *Id.* at 2; Docket 1 at 4. The case was prosecuted by Rachael Lindsay on behalf of the Pennington County State's Attorney Office. Docket 1 at 4. In October of 2021, Peterson provided Marquez a copy of the grand jury transcript concerning Marquez's indictment. *Id.* The Pennington County State's Attorney Office ultimately dismissed Marquez's indictment in September of 2023. Docket 7-1 at 2-3.

---

have not opposed it, the court will consider the arguments in Marquez's sur-reply.

[2] Because the court grants defendants' motion to dismiss, plaintiff's motions for summary judgment are denied as moot.

[3] This fact derives from South Dakota case number 51CRI21-003153—a public record—and is referenced by defendants in their brief. *See* Docket 6 at 2; Docket 7-1 at 1. The court takes judicial notice of the facts derived from South Dakota case number 51CRI21-003153 (contained at Docket 7-1) for purposes of the government's motion to dismiss. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.") (quoting *Stahl v. U.S. Dep't. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)).

Marquez alleges that the grand jury transcript is a forgery and seeks $1 in actual damages, all court costs, and $250,000 in punitive damages. Docket 1 at 4-5. Marquez also seeks an explanation from defendants as to how the grand jury transcript came to exist and requests a plan to prevent future occurrences. *Id.* at 5. Defendants move to dismiss Marquez's claim under Rule 12(b)(6) and assert that Marquez has failed to allege any municipal custom or policy to hold the defendants liable in their official capacity. Docket 5 at 4-6. Peterson further asserts that he, as a public defender, was not acting under color of state law as required by 42 U.S.C. § 1983. *Id.* at 6-7. Finally, Lindsay contends that Marquez's claim against her fails because Lindsay has absolute immunity in her role as Deputy State's Attorney. *Id.* at 7-8.

## LEGAL STANDARD

Under Article III of the Constitution, federal courts may only resolve cases or controversies. *See Zanders v. Swanson*, 573 F.3d 591, 593 (8th Cir. 2009). To satisfy this case or controversy requirement, a plaintiff must have standing, which is necessary because determining whether a plaintiff has standing ensures that "the plaintiff is [a] proper party to bring [a particular lawsuit]." *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 799 (2015) (second and third alterations in original) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007).

Standing has three essential elements: a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact must be "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. An injury is fairly traceable to the challenged conduct of the defendant "if the plaintiff shows 'a causal connection between the injury and the conduct complained of' that is 'not . . . th[e] result [of] the independent action of some third party not before the court.' " *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017) (quoting *Lujan*, 504 U.S. at 560). "For an injury to be redressable, judicial action must be likely to remedy the harm and cannot be merely speculative." *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). "When standing—and thus a court's jurisdiction—is challenged, '[t]he party invoking federal jurisdiction bears the burden of establishing these elements.' " *City of Clarkson Valley*, 495 F.3d at 569 (quoting *Lujan*, 504 U.S. at 561).

At the pleading stage, plaintiffs "must 'clearly allege facts' demonstrating" the elements of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975) (cleaned up)). While a pro se plaintiff's complaint must be liberally construed, *see Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010), "such liberal construction does not dispense of Article III's standing requirements," *Dunn v. Penfield*, 2024 WL 1723705, at *3 (D.S.D. Jan. 22, 2024). "[I]n response to a motion to dismiss,

'general factual allegations of injury resulting from the defendant's conduct may suffice . . . [because the court] presum[es] that general allegations embrace those specific facts that are necessary to support the claim.' " *City of Clarkson Valley*, 495 F.3d at 569 (quoting *Lujan*, 504 U.S. at 561).

Separate from Article III standing, the court must also consider whether a plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [claimant has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation marks omitted). The court may also take judicial notice of public records without converting a motion to dismiss into one for summary judgment. *Stahl*, 327 F.3d at 700.

Although courts must liberally construe a pro se plaintiff's complaint, the plaintiff "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Marquez sues the named defendants under 42 U.S.C. § 1983 for allegedly violating her federal constitutional rights. *See* Docket 1. To state an actionable § 1983 claim, a plaintiff must allege facts that, if proven true, would establish that the defendants violated the plaintiff's federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A § 1983 plaintiff must plead facts showing each defendant's personal involvement with the violations. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). Thus, an actionable § 1983 claim requires the plaintiff to set forth specific factual allegations demonstrating what that particular defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights while acting under color of state law.

Although not briefed by any party, the court first evaluates whether Marquez has Article III standing to bring her claim against the named defendants. *See Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156 (8th Cir. 2008) (Standing "can be raised by the court sua sponte at any time during the litigation.").

## DISCUSSION

### I. Article III Standing

In the complaint, Marquez alleges that her Fourth, Fifth, and Fourteenth Amendment rights were violated when her court-appointed public defender, Peterson, provided Marquez a copy of a grand jury transcript related to a crime for which she had previously been arrested. Docket 1 at 3-4. The only other substantive information provided in the complaint states that if she is allowed to subpoena documents, Marquez can prove that the document is a forgery. *Id.* at 4.

After thoroughly analyzing Marquez's complaint, the court finds that Marquez cannot establish the first requirement of Article III standing—that she has suffered an injury in fact. The court can infer that Marquez is implying that the grand jury proceeding was a sham. But the court cannot tell if Marquez is alleging that the transcript itself was forged by the court reporter, Peterson, or Lindsay, or if Marquez is claiming that the law enforcement officer who testified lied under oath before the grand jury. Furthermore, Marquez does not provide any general factual allegations concerning the type of harm she suffered from the forged grand jury transcript. Marquez does not state whether she was falsely accused of a crime based on false testimony, or if the forged transcript was admitted as evidence during the grand jury proceeding resulting in her indictment, or if the forged grand jury transcript was improperly released to the public and damaged Marquez's reputation. In short, Marquez's injury is simply too hypothetical and conjectural to constitute an injury in fact

7

under Article III. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Thus, the court finds that Marquez lacks standing to bring her claim against the named defendants.[4]

## II.   42 U.S.C. § 1983

Even if Marquez had Article III standing to raise her § 1983 claim, her complaint would fail under Rule 12(b)(6). Marquez sues Lindsay in her official capacity as a Pennington County Deputy State's Attorney, Peterson in his official capacity as a Pennington County Public Defender, the Pennington County Public Defender's Office, and the Pennington County State's Attorney Office. Docket 1 at 2-3. The court analyzes Marquez's claim against each named defendant under Rule 12(b)(6) below.

### A. Pennington County Public Defender's Office and Pennington County State's Attorney Office

Marquez's § 1983 claim against the Pennington County Public Defender's Office fails because, under South Dakota law, it is not amenable to suit. Federal Rule of Civil Procedure 17(b)(3) provides that the capacity to sue or be sued for entities other than individuals who are not acting in a representative capacity or corporations is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). One exception to this rule states that "a partnership or other unincorporated association with no such capacity under

---

[4] The court also finds that, even if Marquez's injury was sufficiently concrete and particularized under Article III, the injury would not be redressable. Because Marquez's indictment was ultimately dismissed, the court would be speculating on a potential remedy, if any, for the harm. *See Steger*, 228 F.3d at 893.

that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. P. 17(b)(3)(A). South Dakota state law allows for counties to "sue and be sued, plead and be impleaded, in any court in this state." SDCL § 7-18-1. But South Dakota Codified Laws Ch. 7-16A, the statutes governing county public defenders, contains no similar provision allowing suits by or against a county public defender's office. *See* SDCL Ch. 7-16A. Thus, South Dakota law authorizes suits against a county but not against a county public defender's office.

The Eighth Circuit Court of Appeals has explained that the exception stated in Rule 17(b)(3) only applies when the relevant entity has no capacity to sue or be sued under state law. *Lundquist v. Univ. of S.D. Sanford Sch. of Med.*, 705 F.3d 378, 380-81 (8th Cir. 2013). "When state law does grant such an entity the capacity to sue or be sued, but specifies the manner in which that capacity may be exercised, state law limitations on the manner of exercise apply." *Id.* (emphasis omitted). Although South Dakota law allows Marquez to bring her claim against Pennington County, Rule 17(b)(3)(A) does not provide an exception permitting Marquez to bring her claim against the Pennington County Public Defender's Office. Because the Pennington County Public Defender's Office is not amenable to suit, Marquez's claim against it is dismissed. *See Gomez v. Minnehaha Cnty. States Atty's Off.*, 2022 WL 523345, at *2 (D.S.D. Feb. 22, 2022) (applying the same logic to a § 1983 claim against

9

the Minnehaha County State's Attorney Office), *aff'd*, *Gomez v. South Dakota*, 2022 WL 2903439 (8th Cir. July 22, 2022) (unpublished).

Similarly, Marquez's claim against the Pennington County State's Attorney Office must be dismissed because, again, although South Dakota law allows suits against a county, it does not authorize suits against the state's attorney office of that county. *See Jorgensen v. Union Cnty.*, 2023 WL 4868325, at *3 (D.S.D. July 31, 2023) (dismissing § 1983 claim against Union County State's Attorney Office because it is not amenable to suit); *see also Gomez*, 2022 WL 523345, at *2.

### B. Deputy State's Attorney Lindsay and Public Defender Peterson

Marquez also sues Lindsay and Peterson in their official capacities as a Pennington County Deputy State's Attorney and Public Defender, respectively. *See* Docket 1 at 2-3. A plaintiff who sues public employees in their official capacities sues only the public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A political subdivision may not generally be held vicariously liable under [§]1983 for the unconstitutional acts of its employees." *Id.* Instead, a political subdivision can only be held liable for the unconstitutional acts of its employees under § 1983 "when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.*; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Here, Lindsay is a Deputy State's Attorney for Pennington County and Peterson is a Public Defender for Pennington County. The official capacity claim against them is therefore treated as a claim against Pennington County

itself. Thus, because Pennington County is a political subdivision of the State of South Dakota, the court analyzes Marquez's claim against Lindsay and Peterson under the dictates of *Monell*. *See Yellow Horse v. Pennington Cnty.*, 225 F.3d 923, 928 (8th Cir. 2000) (affirming the district court's analysis of a § 1983 claim against Pennington County under *Monell*).

    Marquez argues that "there is in fact a custom in the Pennington County judicial system of allowing forged and altered documents to be used in both civil and criminal actions." Docket 16 at 1. Marquez's argument is without merit, however, because her complaint lacks factual allegations that are sufficient to show Pennington County has an established policy or custom authorizing the use of forged grand jury transcripts.[5] Although Marquez need not "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss[,]" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004), her complaint must, at a minimum, allege facts that "would support the existence of an unconstitutional policy or custom[,]" *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th

---

[5] Marquez attempts to defend her complaint by relying on arguments in her sur-reply brief that describe additional allegations not stated in the complaint. *Compare* Docket 1 (Marquez's complaint), *with* Docket 16 (Marquez's sur-reply). "It is well-settled that a plaintiff cannot amend the complaint through briefs and affidavits, and such facts are thus irrelevant for purposes of determining whether the Plaintiff's complaint should be dismissed for failure to state a claim." *Fuller v. Honeywell Int'l, Inc.*, 2024 WL 3569496, at *2 n.4 (D. Minn. July 29, 2024) (citation and internal quotation marks omitted and cleaned up). In effect, Marquez is attempting to amend her complaint through additional facts in her sur-reply brief. Although courts must liberally construe a pro se plaintiff's complaint, the complaint "still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. Marquez has failed in that regard.

Cir. 2003). Marquez's complaint shows neither. In fact, the complaint does not allege the existence of any official Pennington County policy or custom. *See* Docket 1. Marquez did not plead facts relating to any other perpetrators or victims that might indicate such conduct is sufficiently widespread among Pennington County to constitute a "custom or usage with the force of law." *See Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (cleaned up). Finally, Marquez failed to allege facts showing that policymaking officials in Pennington County had notice or authorized Lindsay's or Peterson's conduct. *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Because Marquez has failed to plead facts showing that Pennington County has an established policy or custom that authorizes its employees to forge or alter documents, Marquez's claim against Peterson and Lindsay fails to state a claim under Rule 12(b)(6). Thus, Marquez's claim against Lindsay and Peterson is dismissed without prejudice.

## CONCLUSION

For the above reasons, it is ORDERED that

1) Defendants' motion to dismiss (Docket 5) is GRANTED;
2) Plaintiff's motion for summary judgment (Docket 17) and amended motion for summary judgment (Docket 18) are DENIED as moot.

Dated March 13, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE